**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1946**

_____

MONICA L. BALL,

                    Plaintiff – Appellant,

        v.

STYLECRAFT HOMES, LLC; RICHARD KUHN; JOSHUA CREEL; JOHN
RICE; RESIDENTIAL WARRANTY COMPANY, LLC; HENRICO COUNTY;
GREGORY H. REVELS, Henrico County Building Official;
RICHARD MOORE, Henrico County Building Official; CHARLES
JONES, Henrico County Building Official; CARL RANSONE,
Henrico County Building Official; JOSEPH RANSONE, Henrico
County Building Official; GRAHAM HENDERSON; CHARLES TONEY;
JOHN DOE (INSPECTORS), in their Official and Individual
capacities jointly and severally,

                    Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge. (3:13-cv-00246-REP)

_____

Submitted:  March 26, 2014          Decided:  April 3, 2014

_____

Before MOTZ, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jerrod M. Smith, JERROD MYRON SMITH & ASSOCIATES, Richmond,
Virginia, for Appellant.  Charles A. Gavin, CAWTHORN, DESKEVICH
& GAVIN, P.C., Richmond, Virginia; Benjamin A. Thorp, Henrico,
Virginia; John Owen, HARMAN, CLAYTOR, CORRIGAN & WELLMAN,

Richmond, Virginia; Edward J. Baines, Carolyn Due, SAUL EWING, LLP, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monica Ball appeals the district court order denying her motion to vacate an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10 (2012), and dismissing her civil complaint. On appeal, Ball challenges the district court's dispositive conclusion that her pleadings failed to establish a basis for exercising federal subject matter jurisdiction. Finding no error, we affirm.

We review questions of subject matter jurisdiction de novo. In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2013). Federal jurisdiction may lie either on the basis of diversity of citizenship, 28 U.S.C. § 1332 (2012), or the existence of a federal question, 28 U.S.C. § 1331 (2012). A federal court may exercise federal question jurisdiction over an action "arising under the Constitution, laws, or treaties of the United States." Id. "Under the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (internal quotation marks and alteration omitted). Thus, to determine whether an action arises under the laws of the United States, a court must examine the operative pleading to "discern whether federal or state law creates the cause of action" and, if the claim is not created by federal law, whether "the

3

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (internal quotation marks omitted). To support federal jurisdiction, the federal question must be substantial, not frivolous or pretextual. Lovern v. Edwards, 190 F.3d 648, 654-55 (4th Cir. 1999).

Under the FAA, a party to an arbitration may petition the district court to vacate, modify, or correct the arbitration award, regardless of whether an initial suit to compel arbitration was brought in federal court. See 9 U.S.C. §§ 10, 11 (2012). With regard to "jurisdiction over controversies touching arbitration," the FAA "is something of an anomaly," as "[i]t bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." Vaden, 556 U.S. at 59 (internal quotation marks and alterations omitted). Where the action otherwise satisfies a court's jurisdictional requirements, the FAA "makes contracts to arbitrate 'valid, irrevocable, and enforceable,' so long as their subject involves 'commerce.' . . . whether enforcement be sought in state court or federal." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 2 (2012)). Thus, whether the dispute demonstrates a nexus to commerce sufficient to fall within the scope of the FAA is a separate inquiry from the existence of

4

either diversity of citizenship or a federal question adequate to confer federal subject matter jurisdiction.

On appeal, Ball does not challenge the district court's conclusion that she failed to establish federal jurisdiction based on diversity of citizenship and has therefore abandoned appellate review of this issue. See United States v. Hudson, 673 F.3d 263, 268 (4th Cir. 2012) (noting that issues not raised in opening brief are deemed abandoned). Moreover, Ball's own pleadings clearly establish that the parties are not completely diverse, as required to confer diversity jurisdiction.

Ball primarily argues that she has invoked federal question jurisdiction based on the nexus between her allegations and interstate commerce. Because Ball did not fairly raise this argument in her responsive pleadings in the district court, it is not properly before us. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (recognizing that issues raised for first time on appeal generally will not be considered). In any event, Ball's attempt to establish a federal question based on a vague connection to "interstate commerce" is entirely unavailing. Ball conflates the requirement of a nexus with commerce to invoke the FAA with the independent "federal question" requirement necessary to establish subject matter jurisdiction. Thus, the authority on which she relies is wholly

inapposite to the existence of federal subject matter jurisdiction in her case.

In her pleadings filed in the district court,[1] Ball made no attempt to assert a federal claim for relief. Nor did she assert facts that would give rise to a substantive issue of federal law. Review of Ball's claims and challenge to the arbitrator's award would not require the district court to apply or analyze the Commerce Clause. Simply put, Ball's complaint asserted only state-law claims for relief, notwithstanding any vague connection the underlying fact pattern may have to federal regulations or to interstate commerce.[2] Therefore, the district court correctly concluded that it lacked subject matter jurisdiction and properly dismissed the action.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

---

[1] As the district court noted, "[t]he FAA sets forth the sole method to challenge an arbitration award—by serving a motion to vacate . . . —and does not permit a party to initiate a challenge to an arbitration award by filing a complaint." ANR Coal Co. v. Cogentrix of N.C., Inc., 173 F.3d 493, 496 n.1 (4th Cir. 1999) (internal citation and quotation marks omitted).

[2] Insofar as Ball attempts to raise a due process argument on appeal, that argument was not raised in the district court and is not properly before us. See Muth, 1 F.3d at 250.

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED